IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEREMIE MITCHELL | Magistrate No. 19-1916 |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Task Force Officer William Churilla, having been duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant, Task Force Office William Churilla, being duly sworn according to law, aver that the following is true and correct to the best of my knowledge, information and belief and is based on personal knowledge or information provided by reliable sources.

2. Your Affiant is a member of both the Pittsburgh Bureau of Police (PBP) and also a Task Force Officer with the Drug Enforcement Administration (DEA). As a Pittsburgh police officer, I am empowered under state law to make arrests for violations of state criminal laws, and I am also empowered to execute state search warrants. As a DEA Task Force Officer, I am empowered under federal law to make arrests for violations of federal criminal laws, and I am also empowered to execute federal search warrants.

3. I have a High School Diploma, as well as a Bachelor's Degree in Criminology and Business Management from Duquesne University. After my 1988 graduation from Duquesne University, I worked for approximately 5 years with juveniles adjudicated of crimes at the Allegheny Academy Juvenile Facility. In 1997, I began to work full-time as a police officer for the City of Pittsburgh. I spent the first several years as a patrol officer in the Zone 2 section of

1

Pittsburgh which encompasses neighborhoods including the Hill District. I remain employed with the PBP and became a Detective in approximately 2007.

4. In 2013, I was assigned to Narcotics and Vice where I primarily investigated drug and firearm offenses. I have purchased drugs including marijuana, cocaine, heroin and fentanyl in an undercover capacity on many occasions and have been involved as a back-up officer in many undercover purchases by other officers. I have been involved in numerous controlled purchases, of various types of drugs, by cooperating individuals. I have obtained numerous search warrants regarding drug and firearm violations and have been involved in numerous similar search warrants obtained by my fellow police officers.

5. I have been asked to render an expert opinion on many occasions regarding whether various circumstances show that drugs were possessed for distribution, as opposed to personal use. I have been qualified and testified as a narcotics expert in court more than a dozen times, including in federal court. My relevant trainings includes the initial Pittsburgh Police Academy training, as well as the "Top Gun" Narcotics Investigation course, Pennsylvania Electronic Surveillance "A" certification training, ATF "Characteristics of Armed Individuals" training, and interrogation and interview training. My drug and firearm experience comes from working not only with many other members of the PBP, but with numerous other local, state and federal investigators including the ATF, FBI and DEA. I have been involved in over 1000 arrests in my career, many involving guns, drugs or both.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## **PROBABLE CAUSE**

7. On September 3, 2019, other law enforcement officers and I executed a search warrant at the home of Jeremie Mitchell ("Mitchell"). The home was located at 600 Omaha Street, in the Mt. Washington section of Pittsburgh, Pennsylvania.

8. During the course of the execution of the search warrant, law enforcement officers located approximately 300 grams of what field tests confirmed was cocaine and approximately 199 "bricks" or 9,950 individual doses of what field tests confirmed was heroin. In my experience, the 9,950 individual doses equates to well in excess of 100 grams of heroin. In my opinion, those quantities of cocaine and heroin are consistent with an intent to distribute as opposed to personal use.

9. A firearm was also located in the residence, along with other items consistent with drug trafficking, including a digital scale with white residue, cash, packaging material, and multiple cellular telephones.

10. At the time of the execution of the search warrant, there were three other adult males, an adult female believed to be Mitchell's wife, and four children.

11. During the execution of the search warrant, law enforcement interviewed Mitchell after his *Miranda* rights were explained and he agreed to waive his rights and speak with law enforcement. Mitchell claimed that the narcotics in the home belonged to him. Mitchell claimed with he had been selling cocaine for a while, but only recently began selling heroin. He also admitted to selling approximately 4 ½ ounces of cocaine for $7,000 shortly before the execution of the search warrant, but he denied ownership of the firearm.

## **CONCLUSION**

12.  I submit that this affidavit supports probable cause exists to believe that on September 3, 2019, Mitchell possessed with the intent to distribute a quantity of cocaine, a Schedule II controlled substance, and 100 grams or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), and 841(b)(1)(C).

Respectfully submitted,

_____
William Churilla
Task Force Officer, DEA

Sworn to and signed before me
this 4TH day of September, 2019.

_____
CYNTHIA REED EDDY
CHIEF U.S. MAGISTRATE JUDGE